## Commonwealth v. Mele

*P. Louis De Rose*, for appellant.

*Willis E. Topper*, for Commonwealth.

O'CONNELL, J., December 11, 1951.—The Secretary of Revenue of the Commonwealth of Pennsylvania suspended the operator's privilege of appellant for a period of 90 days, to begin July 31, 1951. The suspension was the result of a speeding violation on the Pennsylvania Turnpike on April 7, 1951. From this suspension defendant, Harold Mele, has taken an appeal.

A complete and full hearing on this matter was held by this court on October 5, 1951, and as a result of the hearing we find the following facts: 1. That defendant, Harold Mele, on April 7, 1951, was driving a Ford automobile on the Pennsylvania Turnpike, traveling

in a westerly direction, said automobile having been rented from the Meadeville Car Rental Company.

2. That on this particular day at the time of the violation the traffic was medium, the weather was clear and dry, and the highway was dry.

3. That defendant was hurrying home to a sick child after having received a telephone call from his wife who, he said, was very upset.

4. That defendant paid a fine and costs for the violation of the speed limit on the turnpike.

5. That appellant has never before been arrested for exceeding the speed limits.

6. Due to the nature of appellant's business and his employment, it is necessary and imperative that he have an operator's license.

We are of opinion that appellant, Harold Mele, has been sufficiently punished for the offense committed, that there were mitigating circumstances, such as the illness of his child, and that the suspension of the operator's privilege of the appellant for a period of 90 days is too harsh, under the circumstances, and that this was an abuse of discretion on the part of the Secretary of Revenue. Inasmuch as there were no aggravating circumstances, no loss sustained by anyone, and that due to the illness of his child defendant exceeded the speed limit, we are of the opinion that the appeal should be sustained.

And now, to wit, December 11, 1951, it is ordered, adjudged and decreed that the appeal of Harold Mele from the order of the suspension of his operator's privilege by the Secretary of Revenue be sustained, and that the action of the Secretary of Revenue be reversed and he, the Secretary of Revenue, is hereby directed and required to restore the operator's license heretofore issued to appellant, Harold Mele, without the requirement of proof of financial responsibility.